IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **OBJECTIVE INTERFACE SYSTEMS,** ) | |
| Plaintiff ) | |
| v. ) | Civil Action No. 1:06cv540 |
| ) | |
| **JOAN GARRETT,** ) | |
| Defendant ) | |

**ORDER**

In this diversity action, plaintiff Objective Interface Systems ("OIS") sues a former licensee of its ORB Express software, defendant Joan Garrett, for fraud, misappropriation of trade secrets, and breach of contract. The gravamen of the complaint is that defendant wrongfully provided a copy of the ORB Express software to Vertel, an OIS competitor also named in a related suit pending in California. *See Objective Interface Sytems v. Vertel Corporation*, No. CV-04-2555 (C.D.Cal. filed Aug. 13, 2004).

The matter came before the Court on defendant's motion under Rule 12(b)(6), Fed. R. Civ. P., to dismiss for failure to state a claim. Specifically, defendant argues that the pleadings and other documents properly subject to judicial notice establish as a matter of law that plaintiff's causes of action are barred by the applicable statutes of limitations. For the reasons that follow, the motion must be denied.

I.[1]

---

[1] As required when considering a motion to dismiss, the facts stated herein are taken from the complaint, the allegations of which are presumed to be true. *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir 1969). Additionally, a defendant requests judicial notice under Rule 201(b)(2), Fed. R. Evid., of the contents of a complaint in the related California case, *Objective Interface Systems v. Vertel Corporation*, cited supra. This request, which is appropriately granted, may not convert the motion into one for summary judgment. *See e.g. Witthohn v. Federal Ins. Co.*, 164 Fed. Appx. 395 (4th Cir. 2006) (unpublished per curiam disposition)(judicial notice of state court

The complaint alleges that John Singer, a former Vertel employee, began working for plaintiff in April 2001 and revealed to plaintiff at that time that Vertel had obtained a copy of plaintiff's ORB Express software. This was plaintiff's first notice that its software had been misappropriated by a competitor. Importantly, Singer did not then disclose any details of the misappropriation, and it is not clear from the complaint whether this omission was the result of lack of knowledge, a faulty memory, a sense of self-preservation, or some other cause. According to plaintiff's allegations in the California complaint, in the fall of 2001, Singer disclosed to plaintiff that he had helped Vertel obtain the plaintiff's software in September 1999, and that he had misrepresented himself to plaintiff in the process.[2] Importantly, plaintiff points out that Singer revealed that he had helped Vertel obtain only a trial version of the software, not the commercial version at issue here. The complaint goes on to allege that Singer disclosed in the summer 2003 that Vertel had obtained a commercial copy of the ORB Express software from a then-unnamed third party. Not until the spring of 2004 did Singer finally disclose that the third party who disclosed the software to Vertel was VBSI, a sole proprietorship owned by defendant. Defendant had negotiated for and ordered a commercial version of the ORB Express software in November 1999, which she obtained December 2nd of that year. At the time, she signed licensing

---

pleadings appropriate on motion to dismiss).

[2]As noted, it is appropriate to take judicial notice of this allegation in the California suit. Defendant seeks judicial notice to argue that the California complaint is inconsistent with the instant complaint insofar as the latter fails to allege Singer's fall 2001 disclosures. It is true that, on a motion to dismiss for failure to state a claim, courts should not accept as true allegations contradicted by matters properly subject to judicial notice, including noticeable pleadings. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (court should not accept as true allegations contradicted by noticeable material). But the principle does not operate here because the California complaint is not inconsistent with plaintiff's complaint in the instant mater, since the California allegations merely supplement the allegations made here.

agreements which prohibited, *inter alia,* disclosure of the software to plaintiff's competitors. Defendant obtained an upgrade of the ORB Express software in October 2000. She is alleged to have provided both the original and upgraded versions of the software to Vertel in violation of the licensing agreement shortly after obtaining them. Hence, while defendant allegedly committed the fraud, breach of contract, and misappropriation of trade secrets in 1999 and 2000, plaintiff claims it did not become aware that its software had been misappropriated until 2001, and then did not become aware that defendant was responsible for the misappropriation until 2004.

On the basis of these allegations, the defendant argues that the limitations periods for all of plaintiff's claims began to run in fall 2001, when Singer made the initial disclosure that Vertel had obtained a copy of the software. Plaintiff, in response, contends that the limitations periods for the fraud and misappropriation claims began to run in spring 2004, when Singer first disclosed that Vertel had obtained plaintiff's software from defendant. The difference is material, since under Virginia law, which the parties correctly agree provides the applicable statutes of limitations and tolling principles, the limitations periods are 2 years for fraud, 3 years for misappropriation of trade secrets, and 5 years for breach of contract. Va. Code §§ 59.1-340 (trade secrets), 8.01-243 (fraud), 8.01-246(2) (simple contracts). In the case of fraud and misappropriation, the action accrues, and the limitations period begins to run, at the earlier of (i) when the fraud or misappropriation was discovered or (ii) when it should have been discovered through the exercise of due diligence. Va. Code §§ 59.1-340, § 8.01-249. *See also STB Marketing Corp. v. Zolfaghari,* 240 Va. 140, 144 (2003) (applying due diligence standard). This action was filed May 8, 2006, so if the fraud claim accrued before May 8, 2004, or the trade

3

secret claim accrued before May 8, 2003, the limitations periods have expired on those claims. The analysis proceeds first to the fraud and misappropriation claims, and then to the contract claim.

## II.

Defendant contends that the California pleadings establish as a matter of law that the claims for fraud and misappropriation of trade secrets are time-barred because Singer's knowledge of the operative facts is appropriately imputed to plaintiff. Specifically, defendant contends (i) that Singer had an agency relationship with plaintiff commencing in April 2001 when he joined plaintiff, (ii) that he knew in fall 2001 the details of defendant's disclosure of the software, and (iii) that he did not have interests adverse to plaintiff's with respect to the disclosure of details about defendant's scheme. If all these propositions are true, then Singer's knowledge of the details of defendant's scheme may appropriately be imputed to plaintiff in the fall of 2001,[3] and plaintiff's claims would therefore be untimely. On the other hand, if any of these propositions is untrue, imputation cannot occur, with the result that the limitations period would not begin to run until plaintiff had actual knowledge of the disclosure in spring 2004. In this event, the claims would be timely. Because the facts material to defendant's imputation of knowledge argument are either disputed or not yet adequately developed, threshold dismissal on statute of limitations grounds is inappropriate.

---

[3]Under both California and Virginia law, an agent's knowledge is imputed to his principal. *See e.g. Allen Realty v. Holbert,* 227 Va. 441, 446 (1984)("As a general rule, knowledge of an agent is imputed to his principal.")(internal citation omitted); Cal. Civ. Code. § 2332 ("As against a principal, both principal and agent are deemed to have notice of whatever either has notice of, and ought, in good faith and the exercise of ordinary care and diligence, to communicate to the other").

First, "the existence and scope of agency relationships are factual matters." *Metco Products v. NLRB*, 884 F.2d 156, 159 (4th Cir. 1989). Defendant claims a factual question exists as to whether disclosure of the relevant details about the scheme to obtain ORB Express was within the scope of Singer's agency. While Singer, once employed by plaintiff, was surely plaintiff's agent, the scope of that agency and whether disclosure of such details was within the scope of his agency are factual questions, requiring further development in discovery; and it would be premature to rule conclusively on them at this stage.

Second, although California law[4] permits imputation of knowledge acquired by an agent before his agency begins, this is permissible only where such knowledge "can reasonably be said to be present in the mind of the agent while acting for the principal." *O'Riordan v. Federal Kemper Life Assurance*, 36 Cal.4th 281, 288 (2005). Plaintiff rightly argues that factual questions exist as to Singer's knowledge of the material facts in the fall of 2001, and whether he had a complete or faulty memory of the facts when he made his fall 2001 disclosures. This is significant because if Singer had no recollection of the details of the scheme to disclose ORB Express, there is nothing to impute to plaintiff. Plaintiff convincingly distinguishes *O'Riordan* on the facts, as in that case the agent became aware of the imputed knowledge immediately before the agency relationship began. In contrast, while the pleadings do not disclose precisely when Singer learned of defendant's involvement, it was at least six months before the fall 2001 disclosure, and possibly up to a year and a half prior to this time. It is not implausible to think that Singer may have forgotten relevant details in the interim. And importantly, as the

---

[4]The parties express some uncertainty as to the applicable governing state law on these agency issues. Yet, it currently appears Virginia and California laws do not differ materially on these issues.

Restatement notes, whether such a claim of faulty memory is plausible is a factual question:

> [I]f an agent learns a material fact prior to the existence of [an agency relationship], the agent may not be subject to a duty to remember the fact. It is a question of fact whether an agent knows or has reason to know a fact at when the agent takes action and when the fact, if known at that time, would be material to legal consequences for the principal. The nature of the fact and the circumstances under which an agent learned it are relevant to whether the agent may plausibly claim to have forgotten the fact.

*Restatement (Third) of Agency* § 5.03 comment b, illustration 7. Hence, a question of fact exists as to whether and when Singer first remembered that VBSI and defendant were the third parties through whom Vertel obtained its copy of ORB Express. These factual questions prevent a confident ruling of imputed knowledge at this time.

Third, the imputed knowledge doctrine may not operate here because plaintiff's allegations in the California pleadings demonstrate that the adverse interest exception to the doctrine may be applicable. Specifically, Singer's fall 2001 disclosures may not have eliminated any adversity between his interests and plaintiff's. Both Virginia and California law recognize the adverse interest exception to the imputed knowledge doctrine. Under Virginia law, "an agent's knowledge will not be imputed to the principal if (1) the agent's behavior raises a presumption that he would not report the information to the plaintiff or (2) the agent is acting out of a personal motive or interest that is adverse to the principal's interest." *Allen Realty Corp v. Holbert,* 227 Va. 441, 446 (1984). Likewise, California law recognizes exceptions to the imputed knowledge doctrine where "the agent and a third party act in collusion against the principal" and where "the agent's action is adverse to the principal." *River Colony Estates General Partnership v. Bayview Financial Trading*, 287 F.Supp.2d 1213, 1227 (S.D.Cal. 2003)(internal citations omitted). Defendant argues that, although Singer's interests may have

been adverse to plaintiff's before he revealed that he was involved in the misappropriation, once Singer initially disclosed that he helped obtain ORB Express for Vertel in the fall of 2001, his interests thereafter were no longer adverse to plaintiff's, and thus that the exception is inapplicable.

This argument may carry the day at some later point in this litigation, but it does not do so now. Based on the current record, the adverse interest exception is sufficiently implicated to prevent a conclusive finding of imputed knowledge. Simply put, this, too, is a factual matter in need of further development. As the plaintiff cogently argues, the California pleadings allege that Singer disclosed that he participated in obtaining *trial* versions of ORB Express, not the commercial version at issue here. That difference may be significant, as it is alleged that the trial software would only operate for a limited time and thus was significantly less valuable. In other words, Singer may have thought it safe to offer this admission so that he might continue to conceal a more serious matter. So, far from supporting defendant's contention that once Singer made the fall 2001 disclosure it was no longer against his interest to divulge further details about the misappropriation of ORB Express, it is apparent that further disclosures may have been contrary to Singer's interests at that time. At least, a factual question exists as to whether further disclosures would have been contrary to Singer's interests, which is sufficient to defeat the motion to dismiss.

In sum, factual questions exist as to the extent and scope an agency relationship between Singer and plaintiff, when Singer remembered the relevant details, and whether Singer's interests were adverse to the plaintiff's. These disputed factual issues prevent resolution of the imputed knowledge issue in defendant's favor at this stage of the proceedings. Without imputation of

knowledge to plaintiff, plaintiff's fraud and misappropriation claims did not accrue until plaintiff actually became aware of defendant's participation in spring 2004. Therefore, defendant's threshold dismissal motion must be denied as to the misappropriation and fraud claims.

### III.

Plaintiff's breach of contract claim remains to be addressed. Since defendant's alleged breach of the license agreement occurred in late 1999 and fall of 2000, the breach of contract claim is unquestionably filed outside the five year limitations period unless equitable tolling applies. Plaintiff argues equitable tolling is justified because it has pled facts adequate to support fraudulent concealment and/or equitable estoppel, either or both of which toll the statute of limitations. The Fourth Circuit in *Barry v. Donnelly*, 781 F.2d 1040, 1042-43 (4th Cir. 1986)(internal citations omitted), applying Virginia law, stated that "equitable estoppel occurs where the aggrieved party relies on the words and conduct of the party to be estopped in allowing the limitations period to run." The court also noted that conduct short of fraud may estop a party from asserting the statute of limitations as a defense. *Id.*

Because plaintiff makes a colorable claim of equitable estoppel, it would be premature to rule that the statute of limitations has expired on the contract claim. The conduct said to justify equitable estoppel here is the same as the factual basis for the contract claim, namely, that defendant signed licensing agreements prohibiting disclosure of the software and then covertly provided the software to Vertel. The extent to which plaintiff may justifiably rely on defendant's representations, however, depends on when Singer knew the details of the scheme and when they were disclosed, which are as-yet undeveloped factual questions. Accordingly, these factual questions cannot be resolved at the motion to dismiss stage; it is unclear at this stage whether

plaintiff can establish a factual basis for equitable tolling.  Accordingly, threshold dismissal of the contract claim is premature.

For these reasons, and for good cause shown, the motion to dismiss is **DENIED**.

Nothing in this Order is intended to foreclose defendant from raising these issues at the Rule 56 stage on a more fully developed factual record.

It is further **ORDERED** that defendant file her answer to the complaint by 5:00 PM Monday, November 6.  The matter will thereafter proceed in accordance with scheduling order issued on September 29, 2006.

The Clerk is directed to send a copy of this Order to all counsel of record.

/s
_____

Alexandria, Virginia  
October 27, 2006

T.S. Ellis, III  
United States District Judge